**United States District Court**
**Northern District of Indiana**

| | | |
|---|---|---|
| ADDONES SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12-CV-363 JVB |
| | ) | |
| U.S. PROBATION DEPT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Addones Spender, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, a *pro se* complaint must be liberally construed "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Public court records show that in November 2010, Spencer pled guilty in federal court to possessing a firearm after a felony conviction, and was sentenced to 57 months in prison.[1] *See*

---

[1] In deciding whether to dismiss at the pleading stage, the court may look to the complaint itself, documents attached to the complaint, documents that are central to the complaint or referred to within it, and documents subject to judicial notice such as public records. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

*United States v. Spencer*, No. 1:10-CR-55 (N.D. Ind. filed July 28, 2010). He did not pursue a direct appeal. *Id.* In July 2012, he filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 claiming invalidity of his guilty plea, prosecutorial misconduct, and other grounds. *Id.*, DE 176. To date, that motion remains pending. *Id.*

On October 15, 2012, Spencer filed the present lawsuit under 42 U.S.C. § 1983. In essence, he alleges that federal probation staff and state law enforcement personnel withheld important information about his mental capacity from the court, including that he had suffered a prior head injury which affected his mental functioning at the time of the offense.[2] (DE 1 at 4.) He asserts that had the defendants been forthcoming with his medical records in the criminal case, it would have resulted in dismissal of the charges or a shorter sentence. (*Id.*) He seeks compensatory and punitive damages, as well as unspecified injunctive relief. (*Id.* at 5.)

Although the complaint is not a model of clarity, Spencer appears to be trying to assert a claim under *Brady v. Maryland*, 373 U.S. 83 (1963). Under *Brady*, a defendant's due process rights are violated when the prosecution suppresses evidence favorable to the accused that is material either to guilt or punishment. *Id.* at 87. It is not clear that Spencer could assert a *Brady* claim against the named defendants; however, even if he could name a proper defendant in connection with this claim, relief is not warranted under *Brady* when the accused could have obtained the information on his own with the exercise of reasonable diligence. *United States v. Earnest*, 129 F.3d 906, 910 (7th Cir. 1997). Here, the information allegedly "suppressed" was Spencer's own medical history, a matter within his personal knowledge. If he felt his medical

---

[2] A claim against the federal defendants would arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under 42 U.S.C. § 1983, but the legal principles that apply are functionally equivalent. *See, e.g., Arnett v. Webster*, 658 F.3d 742, 750-51 (7th Cir. 2011) (applying cases arising under 42 U.S.C. § 1983 to *Bivens* action).

2

records were relevant to the issues in the criminal case, he or his attorney could have obtained them. *See Earnest*, 129 F.3d at 910 (no *Brady* violation based on alleged suppression of traffic ticket where defendant knew he had received a traffic ticket and could have obtained it on his own).

To the extent there is a plausible *Brady* claim in the complaint, it would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in any event. In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87. In other words, a Section 1983 claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.

Here, there is no indication from the complaint that Spencer's conviction has been vacated or otherwise invalidated. To the contrary, it is clear that he is still incarcerated pursuant to that conviction, and his motion to vacate under 28 U.S.C. § 2255 remains pending. Unless his conviction is vacated or otherwise invalidated, he cannot seek damages for an alleged wrongful conviction or improper sentence. If Spencer is trying to obtain release from custody based on an alleged constitutional violation, his only remedy is 28 U.S.C. § 2255. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973).

Spencer also asserts that the defendants violated his rights under the Eighth Amendment, because they did not ensure that information about his mental health problems was submitted to the court prior to sentencing. (DE 1 at 4.) Most commonly the Eighth Amendment is employed to protect convicted prisoners from inhumane conditions of confinement, *see Farmer v. Brennan*, 511 U.S. 825 (1994), but Spencer may be attempting to invoke the narrow Eighth Amendment principle prohibiting excessive sentences. *See Ewing v. California*, 538 U.S. 11, 20 (2003) ("The Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences."). To the extent he has alleged a cognizable Eighth Amendment claim against a proper defendant, it would be barred by *Heck*. As stated above, unless Spencer's conviction is invalidated, he cannot seek damages for an unconstitutional sentence. If he is seeking release from custody or a reduction of his sentence based on an Eighth Amendment violation, he must pursue such relief under 28 U.S.C. § 2255. *Preiser*, 411 U.S. at 498-99.

For the reasons set forth above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on October 23, 2012.

                                                                        s/Joseph S. Van Bokkelen
                                                                         Joseph S. Van Bokkelen
                                                                         United States District Judge
                                                                         Hammond Division